IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DERRICK D. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | No. 2:22-cv-02277-MSN-atc |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL**

On May 3, 2022, Plaintiff Derrick D. Jackson filed a *pro se* complaint for judicial review of a social security decision pursuant to 42 U.S.C. § 405(g).[1]  (ECF No. 1.)  Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 2), which was granted by this Court on June 21, 2022 (ECF No. 6).

Also on June 21, 2022, this Court entered an Order to Show Cause, which directed Plaintiff to file an amended complaint by July 21, 2022, to remedy multiple deficiencies in the original complaint.  (ECF No. 7.)  As the Court explained in the Order to Show Cause,

> To bring suit in federal court for review of a social security decision, Plaintiff must first exhaust his administrative remedies, as explained in the complaint template that Plaintiff used.[]  (ECF No. 1 at 2–3.)  To that end, the complaint template instructed Plaintiff to complete Sections V and VI and to "attach a copy of the decision of the Appeals Council to this complaint.  Failure to attach a copy of the decision of the Appeals Counsel may result in your complaint being dismissed for failure to exhaust administrative remedies." (*Id.* at 3.)  In this case, Plaintiff failed to attach a copy of the decision of the Appeal Counsel, and

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

> Sections V and VI of his complaint are blank. (*Id.* at 2–3.) Given these deficiencies, the Court is unable to conduct its screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2) to determine whether a summons shall be issued by the Clerk. (*See* ECF No. 6.)

(ECF No. 7, at 1–2.) Plaintiff was therefore ordered to "file an amended complaint that remedies these deficiencies by (1) attaching a copy of the decision of the Appeal Counsel and (2) providing all information required by the complaint template, including Sections V and VI." (*Id.* at 2.) Plaintiff was warned that "[f]ailure to do so by July 21, 2022, may result in Plaintiff's case being dismissed without further notice." (*Id.*)

The requirements to attach a copy of the Appeal's Council decision and to provide all information required by the complaint template are consistent with and derived from 42 U.S.C. § 405(g), which governs judicial review of decisions of the Commissioner of Social Security. Under that provision,

> [t]he determination whether an individual is entitled to benefits is made initially by a state agency acting under the authority and control of the Secretary. If a claimant is dissatisfied with the state agency's decision, he is entitled to a hearing by an ALJ. If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council. Proceeding through these three stages exhausts the claimant's administrative remedies. Thereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g).

*Middleton v. Comm'r of Soc. Sec.*, No. 17-cv-2164-SHL-dkv, 2017 WL 4570313, at *4 n.1 (W.D. Tenn. Apr. 5, 2017), *report and recommendation adopted*, 2017 WL 4570318 (W.D. Tenn. May 17, 2017) (quoting *Bowen v. City of N.Y.*, 476 U.S. 467, 471–72 (1986) (internal alterations omitted)).

In this case, Plaintiff has not filed an amended complaint to remedy the identified deficiencies in the over five weeks since the Court entered its Order to Show Cause, and the deadline for Plaintiff to do so expired one week ago. To that end, this Court recommends that Plaintiff's complaint be dismissed without prejudice, *sua sponte*, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted in that he has failed to exhaust his administrative remedies.

    Respectfully submitted, this 28th day of July, 2022.

                                           s/Annie T. Christoff  
                                           ANNIE T. CHRISTOFF  
                                           UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.